IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF | ) |
| 131 Snapover Lane, Orangeburg, South Carolina | ) Cr. No._____ |
|     (Subject Property 1) | ) |
| Orangeburg Collision Center and Auto Sales | ) |
|     263 Broughton Street, | ) |
|     Orangeburg, South Carolina | ) |
|     (Subject Property 2); | ) |

## MOTION TO PROVIDE REDACTED AFFIDAVIT

The Government, by and through the undersigned Assistant United States Attorney, respectfully files this motion requesting authority to provide a redacted copy of the affidavit of Special Agent Bryan Shields (hereinafter "THE AFFIDAVIT") in the above captioned matter to counsel for defendant Joel Robinson. In support of this motion, the Government submits the following.

On Sunday, October 20, 2014, the Honorable Paige J. Gossett, United States District Court for the District of South Carolina, signed a search warrant for the above captioned property. Special Agent Bryan Shields signed THE AFFIDAVIT in support of the search warrant.

On Monday, October 21, 2014, the Drug Enforcement Administration attempted to serve the above referenced warrant at approximately 6:05 a.m. During the execution of the search warrant, Robinson shot Special Agent Barry Wilson.

On Monday, October 21, 2014, Robinson made an initial appearance on a criminal complaint charging him with: Assault on a Federal Law Enforcement

1

officer in violation of 18 U.S.C. §111; and Using or Carrying a Firearm During a Crime of Violence/Drug Trafficking Crime in violation of 18 U.S.C. §924(c). Attorney Tod Rutherford made a special appearance for the purpose of representing Robinson at the initial appearance. The Court scheduled a detention hearing for Monday, October 27, 2014.

In an effort to speed the discovery process, the Government would like to provide a partially redacted copy of THE AFFIDAVIT to Attorney Rutherford prior to the detention hearing. The Government requests that the Court issue an Order authorizing the disclosure of THE AFFIDAVIT in a partially redacted form.

The Government further requests that the Order direct Attorney Rutherford to treat THE AFFIDAVIT as "Restricted Material." As such, the Government requests that the Court's order specify that Attorney Rutherford may disclose the contents of all discovery materials to his or her client and any person employed by or associated with counsel who is assisting in the defense. However, although counsel may allow the defendant to review the following materials in the presence of counsel or counsel's employees, defense counsel shall not provide to his or her client or any other person, copies of "Restricted Material," which includes: 1) any Grand Jury material (including but not limited to grand jury transcripts); 2) Giglio material;[1] or 3) summaries of witness interviews, including but not limited to FBI 302s, DEA 6s, or similar summaries without the express

---

[1] Evidence or information tending to discredit or impeach a government witness, e.g. plea agreements and prior criminal records.

2

permission of the Government or further order of this court. [2] Under no circumstances are copies of these three categories of discovery materials to be released into the jails.

                                            Respectfully Submitted,

                                            WILLIAM N. NETTLES
                                            UNITED STATES ATTORNEY

                                            By: s/J.D. Rowell
                                            J.D. Rowell (Fed. Id. 9802)
                                            Assistant United States Attorney
                                            1441 Main Street, Suite 500
                                            Columbia, South Carolina 29201
                                            803-929-3000
                                            jd.rowell@usdoj.gov

October 21, 2014

---

[2] "Further order of this court" or "the court" as used in this Order means the United States District Court Judge to whom this matter is assigned.

3