IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal Action No. 5:14-cr-00809-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Joel Perrin Robinson, | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court on Defendant Joel Perrin Robinson's ("Defendant") Reply to Government's Response to Defendant's Motion for Discovery (ECF No. 92), alleging deficiencies in the Government's discovery production. For the reasons set forth herein, the court thereby compels discovery production by the Government pursuant to the rules of production and local practice.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Defendant filed two Motions for Discovery, the first on October 21, 2014 (ECF No. 11), and the second on November 10, 2014 (ECF No. 39). Defendant requested several categories of discovery material, including all tangible evidence obtained in the investigation, forensic evidence and reports, witness statements, grand jury testimony of those who the Government intends to call as witnesses, the identity of any informants used in the investigation, and detailed information on all searches and seizures. (*See* ECF Nos. 11, 39.) The court granted the Motions via text order "subject to any objections by the Government." (ECF No. 81.)

On December 31, 2014, the Government filed a Response and Objections to Defendant's Motion for Discovery. (ECF No. 88.) In the Response, the Government asserted it had complied with a number of Defendant's requests, but objected to several others as "overbroad, vague, and not required" under the Federal Rules of Criminal Procedure, the Jencks Act, *Brady v. Maryland,*

1

373 U.S. 83 (1963), or *Giglio v. United States,* 405 U.S. 150 (1972). (*See Id.*) Specifically, the Government objected to providing the names and contact information of all individuals who were interviewed or may be called at trial, noting, "[t]he Government has not yet solidified its witness list for trial, and in any event the information sought by the defendant is overbroad and not mandated by the Federal Rules of Criminal Procedure." (*Id.* at 2.) The Government also noted it "is unaware of any 'informants' who might testify against the defendant, other than the cooperating witnesses already disclosed," and further "otherwise objects" to Defendant's request for information regarding informants. (*Id.*) Additionally, the Government objected to providing grand jury materials "at this time, but will comply with the Jencks Act and produce any Grand Jury transcripts of testifying witnesses prior to trial." (*Id.* at 4.)

On January 7, 2015, Defendant filed a Reply to Government's Response to Defendant's Motion for Discovery. (ECF No. 92.) Defendant asserted that although "the Government has produced and continues to produce discovery in this matter, there are a number of deficiencies in the Government's production." (*Id.* at 1.) Defendant first stated "[t]he Government will not commit to producing statements of all the witnesses it has interviewed prior to trial. In addition, the Government has flatly refused thus far to produce transcripts of the testimony of witnesses before the Grand Jury." (*Id.*) Second, Defendant objected to several witness statements from the Government having been heavily redacted. (*Id.* at 2.) Finally, Defendant requested clarification regarding information on any informants, stating that the Government both claimed there are no informants who may testify against Defendant and objected to the information sought. (*Id.* at 2-3.)

## II. LEGAL STANDARD AND ANALYSIS

Federal Rule of Criminal Procedure 16 governs the discovery and inspection process of a criminal trial, outlining both the Government's and defendant's rights and responsibilities in discovery production. In relevant part, Rule 16 requires that

> [u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). In concert with Rule 16, the Jencks Act states that "no statement or report in the possession of the United States which was made by a Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). This includes statements made to the grand jury. 18 U.S.C. § 3500(e)(3). Under *Brady,* the Government must disclose evidence that is favorable to Defendant and is "material to guilt or to punishment." 373 U.S. at 87. *Giglio* further requires the Government to disclose material regarding the credibility of Government witnesses, including disclosure of any plea agreements, promises of leniency, or other inducements to testify. 405 U.S. 150; *see also United States v. Beckford,* 962 F. Supp. 780, 786 (E.D. Va. 1997).

**A. Witness Statements**

Defendant correctly notes that the Government has the right under the Jencks Act to withhold witness statements, including statements made to the grand jury, from the Defense until after the witness testifies at trial. (ECF No. 92 at 1; *see* 18 U.S.C. § 3500(a).) However, Defendant argues, not only is the Government required to provide certain information under

3

*Brady* and *Giglio*, it is the practice in this district for the Government to have an "open file policy," providing "all statements of witnesses who have been interviewed in the course of the investigation to the defense to avoid the risk of violating a defendant[']s *Brady* and *Giglio* rights." (*Id.* at 2.)

The court recognizes that, as Special Assistant United States Attorneys based in Atlanta, Georgia, who do not normally practice in this district, the Government may not be in the practice of implementing an "open file policy." Although the Government is within its rights under the rules of production not to disclose some information to Defendant at this time, it is in the interest of fairness and efficiency for Defendant to have as much information as possible as early in the process as possible, particularly as that is the expectation when practicing within this district. Additionally, the failure of the Government to produce witness statements to Defendant at this time may cause unnecessary delays in the trial of this case. Therefore, the Government should produce the witness statements unless there is a more legitimate reason not to do so.

The Government has noted it will comply with the Jencks Act, "and has in fact already produced early Jencks material to the defendant as a courtesy." (ECF No. 88 at 3.) The court encourages the Government to extend this "courtesy" further to any and all additional information it can provide to Defendant at this time and continue to provide additional information as it becomes available.

**B. Redacted Statements**

Defendant requests un-redacted witness statements from the Government, arguing "[i]t appears that names of persons whom the interviewing witnesses are identifying as participating in drug trafficking have been redacted. This is extremely prejudicial to the Defendant. These witnesses apparently are going to testify at trial regarding the Defendant's alleged involvement

in a drug conspiracy. Whether and to what extent a witness has either claimed that he or she dealt drugs with persons other than the defendant will be relevant to the witness' credibility and potentially exculpatory." (ECF No. 92 at 2.)

Under Fed. R. Crim. P. 26.2(c), witness statements may be redacted to protect privileged information or information that is not related to the subject matter of the witness' testimony. In as far as any statements provided to Defendant have redacted information beyond this scope, the Government should provide witness statements to Defendant with only those redactions as are truly necessary.

**C. Informants**

Defendant appears to request clarification from the Government as to the existence of any informants who may testify against Defendant, arguing that if there are truly no informants, as the Government has stated, there was no need to object to this portion of Defendant's Motion for Discovery. (ECF No. 92 at 2-3.)

Although the Government's statements may seem to be contradictory, the court does not view this as an attempt by the Government at hiding information. Rather, it seems the objection was made more as a measure of thoroughness rather than deception. However, in the interest of clarity, the Government shall inform Defendant whether it will call any informants to testify at trial.

5

### III. CONCLUSION

Based on the aforementioned reasons, the Government is hereby ordered to produce the requested discovery materials to Defendant.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 16, 2015
Columbia, South Carolina

6