IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America | C/A No. 5:14-cr-809-SAL |
| v. | **OPINION AND ORDER** |
| Joel Perrin Robinson, | |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion requesting termination of supervised release. [ECF No. 219.] The Government, through the Special Assistant United States Attorney assigned to this case, opposes the motion and also indicates the United States Probation Office does not support Defendant's motion either. [ECF No. 221.]

Title 18 United States Code Section 3583(e) provides that

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the

1

defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute notes that the district court 'may' terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period.

*Id.* at 283 (citation omitted).

Defendant was released from custody in August 2021 and began his three-year term of supervised release at that point. Defendant filed his motion after serving one year of his term of supervised release, and to date, he has served a little over one half of his supervised release term. Defendant indicates he has fully complied with the court's terms of supervision, is employed at a family-owned business, and enjoys serving his community. The Government argues Defendant's compliance with the terms of his supervised release does not justify terminating supervised release at this time. The court further notes Defendant is currently opposing the Government's motion to clarify the restitution judgment in his case. [*See* ECF Nos. 215, 217.]

Considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, the court finds that the interests of justice will not be served if termination of supervision is granted at this time. *See* 18 U.S.C. § 3583(e). Defendant's motion for early termination of supervised release is **DENIED** without prejudice. Defendant is encouraged to continue to maintain a clean record as well as a stable residence and employment.

    **IT IS SO ORDERED**.

May 1, 2023  
Columbia, South Carolina

s/Sherri A. Lydon  
The Honorable Sherri A. Lydon  
United States District Court Judge